Mr. Brian L. Holland c/o Robert Newcomb P.O. Box 149 Little Rock, Arkansas 72203
Dear Mr. Holland:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101
through -107).
You indicate that a request has been presented to the Little Rock Police Department for records in your personnel files. You specifically ask whether "Internal Affairs" files that did not result in any disciplinary action can be released. You also ask whether your social security number and your address can be released. I will address these items separately.
1. The "Internal Affairs" Files
It is my opinion that the question of whether the "Internal Affairs" files can be released will ultimately depend upon whether they constitute "personnel records" or "employee evaluation/job performance" records. The difference is significant, because the release of the two types of documents is governed by different standards. Because I have not been provided with the "Internal Affairs" files in question, I cannot opine definitively as to whether they should be classified as "personnel records" or as "employee evaluation/job performance records," or as neither. For this reason, I also cannot opine definitively as to whether they should be released. However, I will note that I have often opined that "Internal Affairs" records involving a specific incident or incidents, and involving specific employees, generally constitute "employee evaluation/job performance" records where they detail actions of employees within the scope of their employment. See, e.g., Ops. Att'y Gen. Nos. 97-079; 95-151. I will therefore discuss the specifics of the law governing the release of "employee evaluation/job performance" records. (I note, however, that if it should be determined that the "Internal Affairs" records in question constitute "personnel records," their disclosability will be governed by the provisions of A.C.A. §25-19-105(b)(10).)
"Employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
You indicate that no disciplinary action was taken on the basis of the requested files. Therefore, if these files do, in fact, constitute employee evaluation/job performance records, and if there has been no suspension or termination, the first prong of the three-part test for disclosure has not been met, and the files cannot be released.
2. Social Security Numbers
I have previously opined, relying upon federal case law, that social security numbers cannot be released. See Swisher v. Dept. of the AirForce, 660 F.2d 369 (5th Cir. 1981), and Attorney General opinions too numerous to cite. Therefore, even if the requested records are released, your social security number must be redacted.
2. Addresses
A recent decision of the Arkansas Supreme Court, Stilley v. McBride,332 Ark. 306, ___ S.W.2d ___ (1998), must be considered in evaluating the disclosability of your address. In that case, which was a decision under the FOIA, the Arkansas Supreme Court upheld the refusal of a records custodian to release certain police officers' addresses. The court in that case relied upon the reasoning set forth in a federal case,Department of Defense v. FLRA, 510 U.S. 487 (1994), which had followed the approach of an earlier federal case, Department of Justice v.Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). InReporters Committee, the U.S. Supreme Court noted that freedom of information statutes are designed to enable citizens "to know what their government is up to." Id. at 773. The Court went on to point out: "That purpose is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." Id.
Following the foregoing reasoning by the U.S. Supreme Court, the Arkansas Supreme Court's analysis in McBride focused upon balancing the purpose for which the addresses were requested against the reasons for withholding them from disclosure. The court found that the purpose for which the addresses were requested (which was to obtain service of process on the officers in another lawsuit) did not further the purposes of the FOIA (which is to keep the citizens of the state "advised of the performance of their public officials." 332 Ark. at 314.) In contrast, the court found the privacy interest in the addresses to be significant, in light of concerns about the police officers' expectations of their families' safety at home, and their concerns about the potential harassment or nuisance of people visiting or contacting officers at home. These concerns, the court held, outweighed the negligible public interest in knowing the officers' addresses. The addresses were therefore properly withheld from disclosure.
On the basis of the court's decision in McBride, and on the basis of the reasoning of the U.S. Supreme Court in the federal cases upon which the in McBride court relied, I find that your privacy interest, as a police officer, in your home address is significant, and that unless the custodian determines that the dislcosure of your address would further the purposes of the FOIA, and that the public interest in your address would outweigh your significant privacy interest, your address should not be disclosed. See Op. Att'y Gen. No. 98-152.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh